MARTIN PAYNE, RESPONDENT, *v.* THE TROY AND BOS-
TON RAILROAD COMPANY, APPELLANT.

*Negligence — Accident at railroad crossing — evidence of subsequent changes in, by
railroad company — inadmissible.*

In an action to recover damages for an injury to plaintiff's horse, received while
passing over a crossing upon defendant's track, the plaintiff was allowed
against the defendant's exception and objection, to show that shortly after the
accident the defendant took up the planks at the crossing and replaced them
by new ones. *Held,* that this was error.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial, made upon the judge's minutes.

The action was brought to recover damages for an injury to the
plaintiff's horse, received while crossing over the tracks of the
defendant's railroad, where it crosses Second street, in the city of
Troy.

*Esek Cowen,* for the appellant.

*R. A. Parmenter,* for the respondent.

LEARNED, P. J.:

The plaintiff was asked on the trial whether, since the time his
horse was injured at the crossing, different plank had been put
down. The defendants objected, and the evidence was admitted
against their objection. He answered that it had. Again, another
witness for the plaintiff was asked: Did you see them laying down
new plank there shortly after this accident? The defendants
objected, and the evidence was admitted against their objection.
He answered: Yes.

I understand the doctrine laid down in *Dougan* v. *Champlain
Trans. Co.* (56 N. Y., 1; followed in *Salters* v. *Del. and Hud.
Canal Co.*, 10 S. C. N. Y., 338) to be that, in actions for injuries,
arising from alleged negligence of the defendants, such subsequent
acts as were thus proved are inadmissible. " Whether the defend-

ants were negligent was a question to be decided upon the facts as they existed at the time of the injury." The only way in which such subsequent acts could bear on the question would be as an admission that they had been negligent. So a jury would be likely to understand such proof. Yet it would plainly be unjust to the defendants that they should not take additional precautions against accident, without the risk that these precautions should be construed into an admission of prior negligence. To put down a new plank was an act which the defendants might do for various reasons. Yet it would be easy to argue from that act to a jury, that the defendants themselves knew that the crossing had been badly constructed, or was out of repair. It seems to me that this evidence was improperly admitted, and that a new trial is therefore necessary. This makes it unnecessary to examine the other questions. The case seems to have been submitted to the jury with great fairness by the learned judge. Whether there was sufficient evidence to sustain the verdict, is a question which it is not necessary to decide; nor do we mean to say that (omitting this objectionable evidence) there was any thing to go to the jury.

A new trial should be granted, costs to abide event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed and new trial granted, costs to abide event.